UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

MARY CHEERS, on behalf of her minor son
GERALD CHEERS, and on her own behalf,

     Plaintiffs,

vs.

CHAPEL FIELD CHRISTIAN SCHOOLS,

     Defendant.

--------------------------------------------------------------x



**COMPLAINT**

**JUDGE ROBINSON**

**07 CIV. 8016**

By and through her counsel, Michael H. Sussman, Esq., plaintiff complains of defendant as

follows:

## I. **PARTIES**

1. Plaintiff Mary Cheers is an African-American of legal age and the mother of plaintiff Gerald

Cheers, who is 17 years old and also African-American. Ms. Cheers and her son reside in

Newburgh, New York within this judicial district.

2. Defendant, Chapel Field Christian Schools, is a private religious school located in the

County of Orange, within this judicial district.

## II. **JURISDICTION**

3. As plaintiff claims that defendant violated her right to contract on the basis of race by

expelling her son from school on account of his race in violation of 42 U.S.C. sec. 1981, this

Honorable Court has jurisdiction over this cause pursuant to 28 U.S.C. secs. 1331, 1343(3) & (4)

and 1367, the latter providing jurisdiction over state law claims which arise from the same nucleus

of operative facts.

## III. **FACTUAL AVERMENTS**

4. Plaintiff enrolled her son in the 11th grade at defendant school for the 2006-07 school year.

and signed a contract with defendant holding her responsible for the payment of tuition for the entire

school year.

    5.  Plaintiff timely made tuition payments to defendant.

    6.  Gerald Cheers was one of very few African-American students in the eleventh grade.

    7.  On or about May 22, 2007, defendant suspended Gerald Cheers from school indefinitely, claiming that he publicly stated that he had been having sexual relations off campus.

    8.  This allegation was false and defendant's agents had no reasonable basis for attributing such statement or conduct to Gerald Cheers.

    9.  Gerald Cheers categorically denied this allegation in discussions with the defendant's President and Principal, Bill Spanjer, Sr.

    10.  Despite this denial, defendant expelled plaintiff's son from its school in late May 2007.

    11.  This suspension and expulsion followed plaintiff's expulsion from the baseball team on May 17, 2007.

    12.  This suspension was, likewise, baseless and justified by pretextual and false claims against Gerald Cheers, which claims were intended to mask intentional racial discrimination.

    13.  This suspension followed a practice by defendant of disallowing Gerald from participating in games as a member of the baseball team despite his obvious excellence as a player.

    14.  Defendant's agents made insulting and bigoted comments on more than one occasion to plaintiff's son.

    15.  Defendant's contract with plaintiff did not contemplate expulsion of Gerald on the basis of his race or through the disparate application of discipline to her son.

    16.  Before accepting Gerald as a student, defendant did not advise plaintiff that it intended to subject her son to racial bias or discrimination in discipline.

    17.  By dint of his expulsion from defendant's school, plaintiff Gerald Cheers suffered humiliation, embarrassment, anxiety and mental anguish.

    18.  Defendant and its agents engaged in intentional racial discrimination through their disparate

treatment and discipline of plaintiff Gerald Cheers

IV. **CAUSES OF ACTION**

19. By terminating its contractual relationship with plaintiff Mary Cheers on the basis of her race and that of her son, defendant engaged in racial discrimination prohibited by 42 U.S.C. sec. 1981 and section 296 of the Executive Law of the State of New York.

20. By terminating its contractual relationship with plaintiff Mary Cheers on the basis of her race and in bad faith, defendant breached its contract with plaintiff which carried an implied covenant of fair dealing, good faith and non-discrimination.

21. By breaching its contract with his mother on the basis of race, defendant violated the rights of plaintiff Gerald Cheers as recognized by 42 U.S.C. sec. 1981 as he was the expected third party beneficiary of the contract which defendant breached.

V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray that this Court:

a) accept jurisdiction over this matter;

b) empanel a jury to hear and decide this matter;

c) award to plaintiffs compensatory and punitive damages as permitted by law;

d) award to plaintiffs attorneys fees and costs arising from this lawsuit;

e) permanently enjoin defendant from publicly disparaging, in any manner, plaintiffs and

f) enter any other relief the court deems required and in the interests of justice and equity.

Yours, etc.

MICHAEL H. SUSSMAN (3497)

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

COUNSEL FOR PLAINTIFFS