UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARY CHEERS, on behalf of her minor son
GERALD CHEERS, and on her own behalf,

               Plaintiffs,

-against-

CHAPEL FIELD CHRISTIAN SCHOOLS,

               Defendant.
------------------------------------------------------------X

**VERIFIED ANSWER**

07 Civ. 8016

Judge Robinson

    Defendant, CHAPEL FIELD CHRISTIAN SCHOOLS, by its Attorneys Jacobowitz & Gubits, as and for its Verified Answer in this action, respectfully alleges:

## PARTIES

1.    Admits the allegations contained in paragraph "1" of plaintiff's complaint.

2.    Admits the allegations contained in paragraph "2" of plaintiff's complaint.

## JURISDICTION

3.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of plaintiff's complaint.

## FACTUAL AVERMENTS

4.    Admits the allegations contained in paragraph "4" of plaintiff's complaint, and alleges that plaintiff was informed of the defendant's rules and policies applicable to all students of Chapel Field Christian School (hereinafter "Chapel Field") and that plaintiff was provided with defendant's student handbook and honor code applicable to all students. A copy of the signed contract referenced in paragraph "4" of the plaintiff's complaint is annexed as **Exhibit "A,"** which provides, in pertinent part that plaintiff, Gerald Cheers (hereinafter "Gerald"), and his father ". . . read carefully the student handbook for 2006-07 in its entirety, agree with its contents and will not contest the school in carrying out its policies." A copy of the defendant's student hand book and honor code is annexed as **Exhibit "B."** A copy of the defendant's honor code is annexed as **Exhibit "C."**

5. Relative to the allegations contained in paragraph "5" of plaintiff's complaint, deny that plaintiff made timely, all of the tuition payments to defendant and alleges that plaintiff still owes defendant a four hundred ninety-eight dollars ($498.00) balance for Gerald Cheers' (hereinafter "Gerald") attendance at Chapel Field for the 2006-07 school year. A copy of defendant's billing summary for the 2006-07 school year concerning plaintiff and Gerald Cheers is annexed hereto as **Exhibit "D."**

6. Admits the allegations contained in paragraph "6" of plaintiff's complaint.

7. Relative to the allegations contained in paragraph "7" of plaintiff's complaint, admits that on or about May 22, 2007, Gerald was suspended from Chapel Field for publicly stating that he had been having sexual relations off campus, and alleges that Gerald was also suspended for publicly stating that he wanted to have sexual relations with particular girls in the 10th, 11th, and 12th grades. Defendant also alleges that Gerald engaged in sexual conduct with a female student on campus and publicly stated that he had done so to other students on campus thereafter. Defendant further alleges that the aforementioned comments and conduct of Gerald were in clear violation of defendant's rules and policies, including, without limitation, defendant's student handbook and honor code which states, in pertinent part:

### STUDENT HONOR CODE

*I will:*

1. Tell the truth at all times and be respectful in word, manner and action . . .

2. Use proper and inoffensive language []
. . .
5. Have no serious personal involvements with those opposing Christian truth, and conduct myself in a moral manner at all times []

. . .
7. Be considerate of my fellow students, helping and encouraging them in every way I can, and refusing to participate in gossip.

. . .
10. Keep this code both in and out of school, by living my life always in the presence of God, under His authority and for His glory. (**Exhibit "A,"** p. 18 (emphasis in original); <u>and</u>, **Exhibit "B,"** Honor Code).

## COUPLES

Dating couples are required to maintain a reserved and responsible relationship. No sustained physical contact will be permitted.

### SERIOUS DISCIPLINARY PROBLEMS - AUTOMATIC SUSPENSION-DISMISSAL

A student will be **automatically suspended** from school for an indefinite period of time if the principal determined a student has:

**- lied
- shown blatant disrespect to those in authority**
. . .
A student will be **automatically dismissed** from school if . . . the school president determines a student has been involved in . . . sexual immorality. Further, the school reserves the right to dismiss any student from school whom the school feels places its program or other students at risk emotionally, physically, spiritually, or doctrinally . . . without necessarily detailing the cause or reason for the said dismissal. (**Exhibit "A,"** pp. 18 <u>and</u> 21 (emphasis in original)).

8. Denies each and every allegation contained in paragraph "8" of plaintiff's complaint. Defendant has numerous written statements from both male and female students who witnessed Gerald's comments and conduct as described in paragraph "7" above.

9. Relative to the allegations contained in paragraph "9" of plaintiff's complaint, admits that Gerald categorically denied these allegations, as described in paragraph "7" above, and alleges that when defendant's President and Principal, Bill Spanjer, Sr. (hereinafter "Spanjer") informed Gerald that the female student, with whom Gerald had on campus sexual relations on the morning of May 22, 2007, had confessed to engaging in said sexual conduct, Gerald admitted to the physical contact with that female student.

10. With respect to the allegations contained in paragraph "10" of plaintiff's complaint, denies that defendant expelled Gerald from Chapel Field, and alleges that on May 22, 2007, Mr. Spanjer met with Mary Cheers and Gerald Cheers and informed plaintiff that based on Gerald's conduct, as explained in paragraph "7" above, he could not remain in the school, but that defendant would provide him with the necessary materials and instructors so that Gerald Cheers could complete

3

the 2006-07 school year. Defendant alleges that Mary Cheers advised that she would voluntarily withdraw Gerald from Chapel Field on the condition that he be transferred with a "clean" student record. Spanjer stated that the school could not alter Gerald's student record and plaintiff left the meeting. Gerald remained registered as a student at Chapel Field for the remainder of the 2006-07 school year, and defendant did provide him with the necessary materials and instruction to complete the 11th grade.

11. Admits the allegations contained in paragraph "11" of plaintiff's complaint, but denies Gerald Cheers was expelled in May 2007, and alleges that Gerald was asked to leave the baseball team for unsportsmanlike conduct and being disrespectful to both his coach and other members of the baseball team. Defendant further alleges that Gerald's conduct with respect to the baseball team was also in violation of defendant's rules and policies. See, **Exhibit "B."**

12. Denies each and every allegation contained in paragraph "12" of plaintiff's complaint.

13. Denies each and every allegation contained in paragraph "13" of plaintiff's complaint.

14. Denies each and every allegation contained in paragraph "14" of plaintiff's complaint.

15. Defendant respectfully refers contract interpretations to the Court, but denies Gerald Cheers was expelled or treated adversely because of his race.

16. Denies each and every allegation in paragraph "16" of plaintiff's complaint to the extent that it implies an intention to discriminate against Gerald Cheers.

17. Denies each and every allegation in paragraph "17" of plaintiff's complaint.

18. Denies each and every allegation contained in paragraph "18" of plaintiff' complaint.

## CAUSES OF ACTION

19. Denies each and every allegation contained in paragraph "19" of plaintiff' complaint.

20. Denies each and every allegation contained in paragraph "20" of plaintiff' complaint.

21. Denies each and every allegation contained in paragraph "21" of plaintiff' complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. Defendant Chapel Field repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "21" of the defendant's answer as if more fully set forth at length herein.

23. That Gerald was in violation of defendant's policies and rules, including, without limitation, defendant's student handbook and honor code.

### AS AND FOR A FIRST COUNTERCLAIM

24. Defendant Chapel Field repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "23" of the defendant's answer as if more fully set forth at length herein.

25. That tuition for Gerald Cheers for the 2006-07 school year at Chapel Field was approximately four thousand nine hundred eighty dollars ($4,980.00) to be paid in monthly installments of four hundred ninety-eight dollars ($498.00) over ten (10) month.

26. That plaintiff agreed to "pay the tuition payments . . . and further agree to pay the Book Jail (school store) and supplemental charges as they occur monthly." **Exhibit "A."**

27. That following Gerald's suspension on May 22, 2007 from Chapel Field, defendant provided Gerald with the necessary materials and instruction at its own cost for the remainder of the 2006-07 school year.

28. That Gerald was registered as a student at Chapel Field for the entire 2006-07 school year, and utilized the instruction and materials provided by defendant for the remainder of the 2006-07 school year and completed the 11th grade.

29. That plaintiff failed to pay the last instalment of four hundred ninety-eight dollars ($498.00). See **Exhibit "D".**

30. Accordingly, defendant demands judgment against plaintiff in the sum of four hundred ninety-eight dollars ($498.00).

**WHEREFORE**, defendant demands an order as follows:

A. Dismissing the plaintiff's complaint in its entirety;

B. Awarding defendant judgment against plaintiff in the amount of four hundred ninety-eight dollars ($498.00);

C. Awarding defendant costs and expenses of this action; and,

D. For such other and further relief as the Court may deem just and proper.

Dated: Walden, New York
October 9, 2007.

                                        JACOBOWITZ & GUBITS, ESQS.

By: _____
ROBERT E. DiNARDO, ESQ. (4472)
Attorney for the Defendant, Chapel Field
Christian School
158 Orange Avenue
P.O. Box 367
Walden, New York 12586
(845)778-2121

TO: MICHAEL H. SUSSMAN, ESQ. (3497)
Sussman & Watkins
Attorneys for Plaintiffs
P.O. Box 1005
Goshen, New York 10924
(845) 294-3991

T:\DOCS\777\918065\16X5155.WPD

## **VERIFICATION**

STATE OF NEW YORK )
) ss:
COUNTY OF ORANGE )

William Spanjer, Sr., being duly sworn, says:

I am the President and Principal of Chapel Field Christian Schools, one of the parties to the action; I have read the annexed Answer with Counterclaims dated October 9, 2007, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:

The books and records of Chapel Field Christian Schools.

CHAPEL FIELD CHRISTIAN SCHOOLS

BY: _____
William Spanjer, Sr., President and Principal

Sworn to before me this
_____ day of October, 2007

_____
NOTARY PUBLIC

ROSE MARIE CHIVATTONI
Notary Public, State of New York
No. 4858922
Qualified in Orange County
Commission Expires September 22, 20_10_

T:\DOCS\ATTYS\RED\16X9760.WPD